# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARILLO, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01672-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Frank Monaco Bazzo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on December 10, 2018. (ECF No. 1.)

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits

1

relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff alleges a violation of the Eighth Amendment because he is being forced to attend a vocational program which he alleges places him in danger of serious permanent injury or death. In his complaint, Plaintiff concedes that while there are administrative remedies available at his institution and he submitted a request for administrative relief regarding the claim at issue in this suit, he did not appeal his request to the highest level. Plaintiff states that "[t]he appeals are pending both in medical and security 602 appeal forms. While pending plaintiff is allowed to seek TRO." (ECF No. 1, p. 3.) Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated: **December 27, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE