# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARILLO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01672-BAM (PC)<br><br>ORDER DENYING MOTION FOR ORDER DELETING THE FILING FEE<br><br>(ECF No. 12) |

　　　Plaintiff Frank Monaco Bazzo ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2018. Plaintiff's motion to proceed *in forma pauperis* was granted on December 21, 2018. (ECF Nos. 5, 6.)

　　　On December 28, 2018, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, without prejudice, due to Plaintiff's failure to exhaust administrative remedies prior to filing suit. (ECF No. 8.) Plaintiff filed his response, together with a motion for withdrawal of this suit pursuant to an apparent settlement with the institution that was conditioned on Plaintiff's withdrawal of the suit. (ECF No. 10.) Construing the filing as a request to voluntarily dismiss this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), the case was closed on January 10, 2019. (ECF No. 11.)

///

Currently before the Court is Plaintiff's motion for an order deleting the filing fee, filed June 10, 2020. (ECF No. 12.) Plaintiff states that there is an ongoing dispute between himself and the Trust Office, that is charging Plaintiff a portion of his trust account funds towards the $350.00 filing fee in this action. Plaintiff believes that the fee should be deleted or Defendants should pay the fee, due to what he characterizes as the "forced circumstances" and the settlement agreement made after the case was filed. Plaintiff claims that had he known he would be responsible for the fee, he would have made sure to include the fee payment by CDCR when he made his settlement agreement with the Associate Warden. (Id.)

Earlier in this case, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6.) It was explained to Plaintiff that he was obligated to pay the statutory filing fee of $350.00 for this action, in monthly payments of twenty percent of the preceding month's income credited to his trust account. (Id. at 2.) The Director of the California Department of Corrections or his designee was ordered to send to the Clerk of the court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. (Id. (citing 28 U.S.C § 1915(b)(2))). The entire $350.00 filing fee is statutorily required, and must be collected from Plaintiff's institutional account regardless of the outcome of this action. See, e.g., Myers v. Pulido, No. 1:16-cv-00638-SAB-PC, 2016 WL 6723937, at *1 (E.D. Cal. Nov. 14, 2016).

Plaintiff is also reminded that when he completed his application to proceed *in forma pauperis*, he signed the application and "authorize[d] the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2)." (ECF No. 5, p. 2.) Finally, although Plaintiff indicated that he had reached a settlement of his claims with the Associate Warden, he asked only that the Court withdraw the lawsuit. That request was granted, and the action was closed. Plaintiff's realization that he failed to negotiate payment of the filing fee by Defendants when he agreed to the settlement terms is not within the purview of the undersigned in this closed case. The Court does not have authority to cancel the statutorily mandated fee. As a result, Plaintiff's motion to be relieved of the obligation to pay this fee is denied.

2

Accordingly, Plaintiff's motion for an order deleting the filing fee (ECF No. 12) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **June 10, 2020**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

3